## Warren *vs* Hall's Administrator.

### ERROR TO THE SCOTT CIRCUIT.

*Executors. Heirs. Execution sales. Frauds.*

JUDGE SIMPSON delivered the opinion of the Court.

THIS case, has been heretofore in this Court. The opinion then given is reported in 6 *Dana,* 450. It contains a statement of the facts and proceedings in the cause up to that period. On its return to the Court below, it was again tried, and upon the trial it appeared that two executions had issued at the same time, upon the decree against the executor and heirs of John Hall, deceased. One against the executor alone, the other against the heir. Both executions had been levied on the slaves in controversy, the Sheriff's sale made under both, and the proceeds of the sale equally apportioned between them, by the officer in his returns.

The Court below decided that the sale of the slaves thus made, was void, and passed no title to Warren, the purchaser. The propriety of that decision is the question now presented for our consideration.

It was decided in the former opinion, that the decree upon which these executions issued was void as to the executor of Hall, for want of jurisdiction in the Court to render a decree against him; but was not void so far as the heir at law was concerned, and that the slaves being in his possession, were subject to be sold under an execution against him as heir, if he held them by a contract with his father, which was fraudulent as to creditors.

CHANCERY.

*Case* 58.

*January* 21.

Case stated by reference to 6 *Dana,* 450.

WARREN
vs
HALL'S ADM'R.

A decree is rendered against both heir and executors; as to the executors the decree is void, two executions issue one against the heir and the other against the executor, and are levied on slaves in possession of the heir not of the executor, and the proceeds applied to each execution in equal parts; because the decree, execution and sale as respects the executor are void, the sale, &c. as respects the heir, is not necessarily so. If the heir held the slaves under a fraudulent transfer from his father, the sale is valid as to him.

One of the executions in the hands of the officer, under which the sale was made, must be regarded as a nullity, it having issued upon a void decree. But had the decree not been void, the slaves could not have been sold under the execution against the executor, not being assets in his hands, and therefore, not subject to sale under an execution against him as executor.

The executions were both for the same demand, and upon the same decree, and for the same amount. Had the decree been valid against both the executor and the heir, one execution only should have issued upon it, with directions to the officer to make the amount, first out of the estate in the hands of the executor, and then out of that in the hands of the heir. Had one execution only issued on the decree, and a sale of the slaves had been made under it, would it be contended the sale was void and passed no title to the purchaser, because the decree as to the executor was void, and did not, therefore authorize any execution to issue upon it against him? There might be some foundation for this assumption, if the slaves had been assets in the executor's hands, but not being assets in his hands, nor liable to the execution against him had it been valid, no reason is perceived why the sale thus made, should not pass the title of the slaves to the purchaser, against the heir at law in whose hands they were liable to the execution.

Nor does the fact that two executions issued on the decree instead of one, make, in our opinion, any difference in relation to the validity of the sale. The execution against the heir was valid. The slaves were liable under that execution, if A. J. Hall held them as heir. They did not sell for a sum sufficient to pay off the execution against the heir. The sale is not affected by the circumstance that one of the executions under which it was made was void. That execution was against another person, and was improperly levied on the slaves. The money arising from the sale, should have been entered on the execution against the heir by the officer. The failure, however, to do it, and the unauthorized appropriation of one half of it as a credit on the other execution, being the mere act of the officer, cannot op-

'erate to the prejudice of the purchaser, or affect the legality of the sale.

We are, therefore, of opinion, that the sale under the execution against the heir was valid, if the defendant, A. J. Hall was possessed of the slaves under a fraudulent transfer from his father, notwithstanding the joint levy and sale under the execution against the executor, as well as the one against the heir.

Wherefore, the judgment is reversed and cause remanded for a new trial and further proceedings in conformity with this opinion.

*Robinson & Johnson* for plaintiff; *Woolley & Kinkead and Duvall* for defendants.